No. 2513.—THOMAS J. BURKE *v.* LOUIS TREGRE.

During the late war between the United States and the so-called Confederate States, and during the pendency of hostilities, the President of the United States, being Commander in Chief, was competent, when the military forces had captured and taken possession of any one of the insurgent States, to constitute and cause to be established a judicial tribunal, and to vest such tribunal with all the necessary authority for the administration of justice in said State, under the Constitution and the laws. A judicial tribunal thus created and recognized by proclamation of the commanding general of the district within which it was vested with jurisdiction, was a court of record, and all its orders, decrees and judgments were entitled to full faith and credit, the same as any other legally constituted court of record.

The courts of Louisiana will take judicial notice of all orders and proclamations issued by commanding generals during the time that the city and State were under military control. Therefore, the proclamation of General Shepley, Military Governor of Louisiana, giving official notice of the organization of an United States Provisional Court for the State of Louisiana, and of the appointment by the judge thereof of a clerk, prosecuting attorney and marshal, was sufficient to authorize said officers to act in their several capacities; and the purchasers of property at judicial sale made under the authority and decree of said Provisional Court, through the marshal thereof, were not required to look into the mode or regularity of his appointment.

In this case the deed made by the marshal was lost or destroyed; the book of deeds of the marshal could not be found. The evidence showed besides that a writ of *fieri facias* had been ordered in writing by the attorney for plaintiff, indorsed by the clerk, issued; that the *fieri facias* could not be found after diligent search. Held—That under this showing the certified copy of the deed of the marshal from the records of the parish recorder was admissible in place of the original, and that such copy made full proof of what it contained.

A purchaser of property at judicial sale is only required to show a judgment of a competent court, an execution, and the deed of the officer making the sale.

APPEAL from the District Court, parish of St. John Baptist. *Beauvais,* J. *J. R. Beckwith* and *Charles Louque,* for plaintiff and appellant. *Berault, Legendre & Poche,* for third opponent, appellee.

HOWELL, J. The plaintiff, as holder of two notes secured by mortgage, of date twenty-fourth March, 1865, obtained executory process and caused the mortgaged property to be seized on twenty-third July, 1868, as belonging to the defendant; whereupon A. Miltenberger opposed and enjoined the sale, on the ground that said property belongs to him, and has been in his quiet, continued possession by virtue of a judicial sale (the deed whereof was properly recorded) made on the third day of June, 1865, by the United States provisional marshal for the State of Louisiana, under a *fieri facias* issued on a judgment rendered in the case of A. Miltenberger & Co. *v.* Louis Tregre, No. 525 on the docket of the United States Provisional Court for the State of Louisiana, which judgment recognized a mortgage on said property for over eighty thousand dollars in favor of A. Miltenberger & Co., of date twentieth April, 1858, and the sale thereunder extinguished. the alleged mortgage in favor of plaintiff, Burke, and they prayed that the order of seizure and sale be rescinded, the alleged mortgage in favor of Burke be declared null and the injunction perpetuated.

The plaintiff, for answer, pleaded the general issue, specially denied Miltenberger's title to and lawful possession of said property, the legal

existence of said court, judgment and mortgage, and the official character of the alleged United States provisional marshal; charged the acts set forth by Miltenberger to be acts of trespass, and the pretended mortgage, judgment and sale, if they ever existed, to be collusive between the parties to defeat the just creditors of Tregre, and prayed for the dissolution of the injunction, with damages.

Judgment was rendered perpetuating the injunction, and Burke appealed.

On the trial he reserved a bill of exceptions to the admission as evidence of a copy of the judgment of the Provisional Court in said suit of A. Miltenberger & Co. v. L. Tregre, on the following grounds :

*First*—That the said court had no legal existence, not having been established by any constitutional or legal authority, and all its pretended proceedings and acts are absolute nullities.

It is a matter of history that in May, 1862, the United States took military possession of the city of New Orleans and the adjacent parishes, and on the twentieth October, 1862, an Executive order, (which is in evidence), was issued through the War Department, constituting a Provisional Court, as a court of record for the State of Louisiana, and appointing Charles A. Peabody, of New York, " a provisional judge to hold said court, with authority to hear, try and determine all causes, civil and criminal, including causes in law, equity, revenue and admiralty, and particularly all such powers and jurisdiction as belong to the District and Circuit Courts of the United States, conforming his proceedings, so far as possible, to the course of proceedings and practice which has been customary in the courts of the United States and Louisiana—his judgment to be final and conclusive ;" also authorizing him to make all necessary rules and regulations and appoint a prosecuting attorney, marshal and clerk of said court, the appointments to continue during the pleasure of the President, not extending beyond the military occupation of New Orleans, or the restoration of the civil authority in said city and in the State of Louisiana. Said officers to be paid out of the contingent fund of the War Department.

It is also a part of history that on twenty-ninth December, 1862, George F. Shepley, Military Governor of Louisiana, issued a proclamation, of which we take judicial notice, giving official notice of the organization, under said order, of " *an United States Provisional Court for the State of Louisiana*," and of the appointment, by said judge, of George D. Lamont, prosecuting attorney, Augustus DeB. Hughes, clerk, and Isaac Edward Clark, marshal of said court, and declaring that all judgments, decisions and decrees of said court, and all acts of said officers under authority of said court, are to be respected and obeyed accordingly,

In the case of Leitendorfor *v.* Webb, 20 Howard, 176, the right of the commanding general, holding possession of New Mexico for the the United States, in virtue of military occupancy, to establish a provisional government, which ordained a judicial system, consisting of a superior or appellate court and circuit courts, was recognized and sustained. *A fortiori,* the President, who is commander in chief, has such right and authority. In his order establishing the court, he declared the necessity for such a court, in the temporary subversion, by the existing insurrection, of the civil institutions in this State, including the judiciary and the judicial authorities of the Union, and in the necessity of holding the State in military occupation. Having the power, and being the judge of the necessity, his order establishing the court in question, must be held sufficient authority for its legal existence as a court of record with the jurisdiction conferred. And, besides, its existence as such, was recognized by Congress in the act of twenty-eighth July, 1866, providing for the business and records thereof.

*Second*—If said court ever legally existed, it ceased to exist before the date of said judgment, by limitation of the terms of said order.

The judgment was rendered on seventeenth April, 1865, which was prior to the restoration of the civil authority in both city and State. The court was legally existing.

*Third*—The copy of said judgment is not certified by the seal and proper officer of said court, but by the clerk of a court without lawful custody of the records thereof.

It is certified by the clerk of the United States District Court, to which all the suits and records of said court were transferred by said act of Congress of twenty-eighth of July, 1866. See Statutes at Large for 1865-6, page 344.

*Fourth*—Said judgment on its face is absolutely null, because it does not appear to be an extract from the minutes of any court, to be rendered in open court, nor to be the act of any judge—not being signed by a judge.

The bill of exceptions shows that it was not the practice of the judge of said court to sign judgments, but the same were spread on the minutes and attested therefrom. The copy in evidence appears to be a part of the minutes of said court, concludes with the words, "Rendered April 17, 1865; signed April 26, 1865. By the Court: Signed, John T. Peabody, clerk," and is certified, as above stated, to be a true copy by the clerk of the United States District Court. If any thing more is necessary, it is supported by the maxim "*omnia præsumuntur rite esse acta.*"

*Fifth* and *Seventh*—These grounds relate to the absence of revenue stamps and the permission to affix the same, and are not urged in this court.

*Sixth* and *Eighth*—The copy is. incomplete as a judgment, because on its face a petition, account and act of mortgage are made part thereof, and are not produced, and no description nor identification of the property mortgaged is contained in said copy of the judgment.

These are objections to the effect and not the admissibility of the document. ·

II. A ,second bill was taken to the admission of a copy of an act of mortgage of twentieth ·April, 1865, from Tregre and wife to A. Miltenberger & Co., referred to above, as part of the judgment, on the grounds that it does not appear to be a part of, or identified with, the record or judgment in the suit of A. Miltenberger & Co. *v.* Louis Tregre ; if it ever was a part of said record, it has been abstracted and is not in proper custody ; it contradicts the mortgage granted in said judgment, and is for a different amount and description of debt.

Conceding opponent's obligation to supply such proof, the document offered is sufficiently identified with the record and judgment to be admissible in evidence for the purpose intended, and shows a mortgage for a ·sum far exceeding that for which the property sold.

III. A third bill was reserved to the introduction of the record of the suit No. 525, A. Miltenberger & Co. *v.* L. Tregre, on the grounds before urged, that said court was not legal; the transcript was not properly attested by a legal custodian ; is not a transcript of the proceedings of any court of record; is mutilated by the opponent; is irrelevant ; does not show a valid final judgment, writ of *fieri facias* and sale of property.

The views already expressed virtually dispose of these objections, which were properly overruled.

IV. The fourth bill taken to the admission of oral proof of a lost document is so vague as not to enable us to pass on it.

V. A fifth was taken to the introduction of the marshal's deed of sale, on many grounds, the only ones requiring notice are, that, it is not the original nor a certified copy of the original, the loss of which is not accounted for; if the original ever existed, it was invalid, because Isaac Edward Clark, by whom it purports to be executed, had no· authority as marshal, there being no such officer as *United States Provisional Marshal for Louisiana* designated in the executive order creating the court, and if he was a legal officer, it does not appear that he had a *fieri facias* in his possession.

The document offered was a certified copy from the records of the parish recorder and was properly admitted as the best evidence existing, after proof that the original and the marshal's book of deeds could not be found, and makes proof of its contents, including the recital that the sale was made by virtue of a writ of *fieri facias,* when supported, as it is, by evidence that a *fieri facias* had been ordered, in

writing, by the attorney of plaintiffs, which was indorsed with the word "issued"; that the *fieri facias* could not be found after diligent search, and that the records of said court had been carelessly kept prior to their transfer to the present custodian.

As to the official character and authority of Clark, as Marshal, it need only be said that he was the officer acting, and purchasers are not required to look into the mode of their appointment, and besides, the military governor had made proclamation of his appointment and authority as marshal of said court.

We think the plaintiff in injunction has satisfactorily shown all that is legally required of a purchaser at a judicial sale, to wit, a judgment of a competent court, an execution, and the deed of the officer making the sale.

Judgment affirmed with costs.

Rehearing refused.